```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        WESTERN DIVISION


CHARLES EDWARD SCRIVENS                                PETITIONER

VS.                         CIVIL ACTION NO. 5:10-cv-97(DCB)(MTP)

BRUCE PEARSON, Warden                                  RESPONDENT
```

ORDER

This civil action pursuant to 28 U.S.C. § 2241 is before the Court on the petitioner Charles Edward Scrivens ("Scrivens")'s Motion Requesting an Injunction **(docket entry 10)**. Also before the Court are the Report and Recommendation of Magistrate Judge Michael T. Parker **(docket entry 15)**, and the petitioner's objections thereto **(docket entries 16 and 17)**. Having carefully considered the petitioner's motion, the report and recommendations of the magistrate judge, and the petitioner's objections, and being fully advised in the premises, the Court finds as follows:

The petitioner is serving an aggregated sentence of 180 months after having been convicted of Conspiracy to Possess with Intent to Distribute Cocaine, Marijuana and Cocaine Base in violation of 21 U.S.C. §§ 841(A)(1), and Possession of Firearm in Relation to a Drug Offense in violation of 18 U.S.C. § 924(c). He is currently incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi ("FCC Yazoo City").

Scrivens' petition challenges a disciplinary hearing that occurred at the Federal Correctional Complex in Coleman, Florida,

before he was transferred to FCC Yazoo City. The Florida disciplinary hearing is also the subject of another petition filed by Scrivens with this Court, Scrivens v. Pearson, 5:10-cv-81. In his motion for injunctive relief, the petitioner claims that he was placed in administrative detention by staff at FCC Yazoo City without notice as to the reason for his detention. He alleges that he was placed in detention in retaliation for filing the two habeas petitions against the respondent, and to deter him from pursuing said petitions. He seeks an order from the Court directing the Bureau of Prisons ("BOP") to release him from administrative detention and ordering the respondent and his subordinates to refrain from further harassment, punishment or any conduct that would deter him from pursuing his habeas petitions.

In his Report and Recommendation, Magistrate Judge Parker notes that a habeas petition is not the appropriate vehicle for claims such as retaliation and harassment, as they challenge the nature and conditions, rather than the validity or duration, of confinement. Instead, the petitioner's claims should be asserted in a civil rights complaint. In addition, even if the petitioner's retaliation claims were properly asserted in this action, a party requesting a temporary restraining order or preliminary injunction must demonstrate (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) that the

threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) that the injunction would not have an adverse effect on the public interest.  To prevail on his retaliation claim, the petitioner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation.

    As Magistrate Judge Parker points out, the petitioner offers nothing more than unsubstantiated assertions that he is the victim of retaliation.  Scrivens must show that but for a retaliatory motive on the part of BOP administration or staff, his detention would not have occurred; however, he offers no direct evidence of motivation, nor does he allege a chronology of events from which retaliation may plausibly be inferred.

    As set forth in the Report and Recommendation, the record in this case reflects that on July 10, 2010, Lieutenant Carolyn Polk responded to an alarm from Unit 1A sounded by Correctional Officer Dixon.  The Unit Officer sounded the alarm to report a fight between inmates.  Upon arriving at Unit 1A to provide assistance, Lieutenant Polk learned that Officer Dixon was not able to identify the inmates that were fighting, as all the inmates in the area scattered upon Officer Dixon's arrival.  In order to investigate and determine who was fighting, Lieutenant Polk ordered all inmates to leave the television room and return to their cells.  She also

ordered all inmates to remove their shirts in order to submit to a hand and upper body check, to determine who was fighting. Lieutenant Polk then proceeded to examine each inmate for bruising, swelling, or cuts.  When Lieutenant Polk arrived at the petitioner's cell, he refused to remove his shirt and became argumentative.  After further conversation with Lieutenant Polk, the petitioner remained combative and refused to remove his shirt. Because the petitioner's behavior was hindering and interfering with her investigation and the completion of her job, Lieutenant Polk placed Scrivens in the Special Housing Unit pending the investigation of the fight and for investigation of a potential violation of BOP rules for refusing to follow a staff person's order.  Lieutenant Polk verbally informed Scrivens of the reasons for his placement in detention, and he was provided with a copy of the Administrative Detention Order, which stated the reasons he was placed in detention.  Lieutenant Polk also states that she did not learn of Scrivens' pending habeas petitions until after the instant motion was filed.

The Court agrees with the Magistrate Judge's findings that the petitioner's wholly conclusory allegations are insufficient to establish a valid claim for retaliation.  Scrivens has failed to demonstrate a substantial likelihood of success on the merits, and has failed to demonstrate a substantial threat that he will suffer irreparable injury if the injunction is not granted.  The

4

petitioner's objections do not convince the Court otherwise. Therefore, the petitioner is not entitled to the extraordinary remedy of injunctive relief, and his motion shall be denied. Accordingly,

    IT IS HEREBY ORDERED that the Report and Recommendation of United States Magistrate Judge Michael T. Parker **(docket entry 15)** is adopted as the findings of this Court;

    FURTHER ORDERED that the petitioner's Motion Requesting an Injunction **(docket entry 10)** is DENIED.

    SO ORDERED, this the 28th day of March, 2011.

    /s/ David Bramlette
    UNITED STATES DISTRICT JUDGE