## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## WESTERN DIVISION

**CHARLES EDWARDS SCRIVENS**                                      **PLAINTIFF**

**VERSUS**                                   **CIVIL ACTION NO. 5:10CV97-DCB-RHW**

**BRUCE PEARSON**                                                  **DEFENDANT**

### PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Charles Edwards Scrivens filed a 28 U.S.C. § 2241 petition for writ of habeas corpus alleging that the Bureau of Prisons (BOP) violated his due process rights in the course of a disciplinary proceeding that occurred at Federal Corrections Complex in Coleman, Florida (FCC Coleman).  Specifically, he asserts that (1) the Disciplinary Hearing Officer (DHO) failed to provide him with a copy of the fact-finding report; and (2) the DHO wrongfully excluded security footage of the incident from the disciplinary hearing.

On November 3, 2009, while serving a drug and weapons sentence at FCC Coleman in Florida, Scrivens allegedly complained to Unit Manager Richard Martin about one of Martin's subordinates, calling her a "bitch."  After Martin informed Scrivens that he would be filing an incident report against him for insubordination, Scrivens allegedly threatened Martin with bodily harm.  Two security cameras recorded the exchange.  Martin filed an incident report that day. The following morning, on November 4, 2009, a guard delivered the incident report to Scrivens charging him with disciplinary violations for insolence towards a staff member and threatening another with bodily harm.  The hearing was scheduled for November 12, 2009, but was later postponed to November 16th so the security camera footage could be reviewed.  Scrivens received notice of the disciplinary hearing and was informed of his rights at the disciplinary

hearing.

At the hearing, Scrivens denied the allegations, and his cell mate testified on his behalf. The DHO decided that the security footage did not need to be viewed, because the video recordings lacked audio and therefore could not exonerate Scrivens of the charges. In addition, the DHO found Martin's version of the incident more credible than that of Scrivens and his witness. The DHO found Scrivens guilty of the charges and recommended that he receive various sanctions including suspended privileges and loss of good time credits. The following day, Scrivens was moved to another federal corrections facility, ultimately arriving at the Federal Correctional Complex in Yazoo City, Mississippi.

On December 22, 2009, before receiving a copy of the DHO's fact-finding and reasoning report, Scrivens submitted an Administrative Remedy Appeal to the appropriate regional office. The office rejected his appeal as incomplete because it lacked the DHO report. On January 31, 2010, still not having received a copy of the report, Scrivens sent an appeal to the Central Office, which informed him that he had submitted his appeal to the improper level. Pursuant to the Central Office's instruction, he resubmitted his appeal to the regional office, but with the same result. Scrivens eventually received a copy of the DHO report on July 7, 2010. Scrivens filed his petition with this Court on May 26, 2010, prior to his receipt of the DHO report.

## LAW AND ANALYSIS

Respondent argues that Scrivens petition should be dismissed because he has failed to demonstrate a violation of his due process rights incident to the disciplinary hearing. The Supreme Court has laid out five procedural safeguards regarding DHO sanctions which protect an inmate's due process rights: (1) at least 24-hour advanced notice of the charges; (2) a written

statement by the fact-finder of the evidence relied on and the reasons for the action; (3) an

opportunity to call witnesses and present documentary evidence; (4) assistance at the hearing if

the inmate is illiterate or the matter is complex; and (5) an impartial fact-finder.  *Wolff v.*

*McDonnell* 418 U.S. 539, 563-572 (1974).  Petitioner invokes two of these procedural

safeguards.  He contends that (1) the DHO violated his due process rights because he did not

receive a written statement from the fact finder and (2) he was not allowed to present as evidence

video footage of the incident in question.

　　　Contrary to Scrivens' assertion, he did receive a written statement from the fact finder of

the evidence relied on and the reasons for the action, thereby satisfying *Wolff*.  At the time he

filed his petition, it is true that Scrivens had not yet received the DHO's report.  It is undisputed,

however, that on July 7, 2010, Scrivens received the DHO's written report.  At most, Scrivens

might argue that his due process rights were violated because he did not receive the report until

approximately eight months after the disciplinary hearing.

　　　According to the Code of Federal Regulations in effect at the time, "[t]he DHO shall give

the inmate a written copy of the decisions and disposition, ordinarily within 10 days of the

DHO's decision."  28 C.F.R. § 541.17(g).  Courts have interpreted this as a guideline, not a rule,

and have held that a delay in excess of the ten-day mark, even as long as eight months, does not

deprive an inmate of due process.  *See Staples v. Chester*, 370 Fed.Appx. 925, 929 (10th Cir.

2010)(unpublished); *Cook v. Warden, Fort Dix Correctional Facility*, 241 Fed.Appx.828, 829

(3rd Cir. 2007) (unpublished).  While the delivery of the DHO report did not comply with BOP

polices, a "prison official's failure to follow the prison's own policies, procedures or regulations

does not constitute a violation of due process, if constitutional minima are nevertheless met."

3

*Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996).  Scrivens received proper notice of the hearing, including notice of his attendant rights, and was allowed to present testimony on his behalf; therefore, the constitutional minima have been met.  Additionally, the DHO had a legitimate excuse for some of the delay because Scrivens was almost immediately transferred to another facility following the hearing.

With respect to Scrivens' claim regarding the security video, the undersigned finds that his due process rights were not violated.  The DHO initially delayed the hearing in order to review the video footage.  It was then determined that the video could not exonerate Scrivens of the charges because the video did not contain audio.  Therefore, while the DHO excluded the video evidence from the hearing, there is no indication that its exclusion prejudiced Scrivens' defense in any manner.

Finally, there is the matter of the standard of review.  The Supreme Court has held that "the requirements of due process are satisfied if *some evidence* supports the decision by the prison disciplinary board to revoke good time credits."  *Superintendent, Massachusetts Correctional Institution, Walpole v. Hill*, 472 U .S. 445, 455 (1985)(emphasis added).  Addressing instances of arbitrariness, not second-guessing the DHO's decisions, should be the Court's role.  *Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. 1981).  In this case, the "some evidence" standard is satisfied by the written report filed by the Unit Manager.  The DHO considered the report of the Unit Manager and found it to be more credible than Scrivens' testimony.  There is some evidence to support the conclusion reached by the disciplinary officer; therefore, the Court lacks the authority to overturn the DHO's decision.  *Superintendent*, 472 U.S. at 455; *Smith*, 659 F.2d at 545.

4

Alternatively, the undersigned finds that Scrivens' petition is moot. At the time he filed his petition, Scrivens' projected release date was March 29, 2011. On April 29, 2011, Scrivens filed a change of address notification, in which he provides a free-world address. A search of the federal inmate database also indicates that Scrivens was released on April 27, 2011. As Scrivens has been released from custody, his petition is now moot. *See Bailey v. Southerland*, 821 F.2d 277, 278-79 (5th Cir. 1987).

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Scrivens' request for relief be denied and the petition dismissed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been

accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 1st day of August, 2011.

_s/ Robert H. Walker_____

UNITED STATES MAGISTRATE JUDGE

6